
RCV'D
4/4/18
JF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
TROY McRAE,

              Petitioner,

    -against-

THE ATTORNEY GENERAL OF
THE STATE OF NEW YORK,

              Respondent.
------------------------------------X

**MEMORANDUM AND ORDER**

17-CV-5328 (KAM)

**MATSUMOTO**, United States District Judge:

On September 5, 2017, *pro se* petitioner Troy McRae
filed the instant petition for a writ of habeas corpus pursuant
to Title 28, United States Code Section 2254 ("Section 2254").
For the reasons set forth below, petitioner is directed to
submit an amended petition by May 9, 2018. Petitioner's motion
for leave to file *in forma pauperis* is granted.

## Background

Petitioner challenges a May 24, 2006 judgment from
Kings County, in which he was convicted of first-degree robbery
after a jury trial and sentenced to 12 years incarceration and 5
years of post-release supervision. (Pet. at 1; *see People v.
McRae*, 879 N.Y.S.2d 493 (N.Y. App. Div. 2009).) The Supreme
Court of New York, Appellate Division, Second Department,
affirmed the conviction on May 5, 2009. *McRae*, 879 N.Y.S.2d at
493. The New York Court of Appeals denied leave to appeal on
September 10, 2009. *People v. McRae*, 13 N.Y.3d 798 (2009).

Petitioner did not appeal to the United States Supreme Court. (Pet. at 2.)

Petitioner states that he filed multiple post-conviction motions in New York state court, including an unspecified motion that was denied on August 17, 2017. (Pet. at 2.) He does not provide any other dates for when these state court petitions for collateral relief were filed or decided. A search of electronic databases reveals an October 12, 2010 decision denying his application for a writ of error *coram nobis* on the grounds of ineffective assistance of appellate counsel. *People v. McRae*, 908 N.Y.S.2d 596 (2010), *leave to appeal denied*, 16 N.Y.3d 744 (Jan. 28, 2011).

Petitioner filed the instant petition by delivering it to prison officials on August 26, 2017. The petition asserts that petitioner seeks to offer "new evidence" to support his claim. (Pet. at 1.) Petitioner does not describe this new evidence, however, and instead asserts what appears to be an ineffective assistance of counsel claim,[1] stating that both his

---

[1] "As [p]etitioner is proceeding *pro se,* his submission is held to less stringent standards than those drafted by lawyers. The Court, therefore, construes his submissions liberally and interprets them as raising the strongest arguments they suggest." *Serra v. Terrell*, No. 10-CV-03044 DLI, 2013 WL 5522850, at *1 (E.D.N.Y. Sept. 30, 2013) (citing *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) and *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir. 2006)).

initial trial counsel and her replacement failed to explain to him the possible consequences of a jury verdict in his case – specifically, the length of the possible sentence, the loss of the military benefits to which petitioner claims he is entitled, and deportation. (Pet. at 2-3.)

## Discussion

### I.  The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. *See* 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have

been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, AEDPA provides that if a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations may also be "equitably tolled," that is, paused. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks and citations omitted); *see also Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003), *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its

own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000).
*See also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict
courts are permitted, but not obliged, to consider, *sua sponte*,
the timeliness of a state prisoner's habeas petition"). 
However, "unless it is unmistakably clear [that a petition is
untimely] from the facts alleged in the petition, considering
all of the special circumstances enumerated in Section
2244(d)(1), equitable tolling, and any other factors relevant to
the timeliness of the petition . . . the court may not dismiss a
Section 2254 petition for untimeliness without providing
petitioner prior notice and opportunity to be heard." *Acosta*,
221 F.3d at 125 (citing *Snider v. Melindez*, 199 F.3d 108, 113
(2d Cir. 1999) and *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir.
1994)). A court should offer *pro se* habeas petitioners an
opportunity to amend a flawed petition. *Garcia v.
Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583
(2d Cir. 2016) (stating that unless amending would be futile, "a
district court should not dismiss a *pro se* complaint without
granting leave to amend at least once" because of "the limited
legal knowledge and resources available to *pro se* plaintiffs,
which may hamper their ability to articulate potentially valid
claims in legally cognizable language[,]" and stating that
"these concerns are heightened in the § 2254 context" (internal
quotation marks and citations omitted)).

5

II. Application

From the facts alleged in the petition, it appears that petitioner's application for habeas corpus relief pursuant to Section 2254 may be untimely. The Court of Appeals denied leave to appeal on September 10, 2009. As petitioner did not pursue his appeal to the United States Supreme Court, the judgment of conviction became final ninety days later on December 9, 2009, when the time to seek a writ of certiorari expired. Unless one of the circumstances described in Title 28 United States Code Sections 2244(d)(1)(B)-(D) are applicable to this case, Petitioner had one year from December 9, 2009 – that is, until December 9, 2010 – to file his petition. Petitioner has not described any basis for the court to apply Sections 2244(d)(1)(B)-(D), or to equitably toll the statute of limitations. Furthermore, although the AEDPA statute of limitations is tolled for periods during which petitioner's state motions for collateral relief were pending, *see* 28 U.S.C. § 2244(d)(2), petitioner has not provided sufficient detail about his state post-conviction motions for the court to determine the appropriate tolling period. (*See* Pet. at 2 (stating that petitioner "filed a number of post-conviction motions . . . based upon ineffective assistance of counsel, prosecutorial misconduct, [B]rady, etc., and those [] were denied").)

Because it is not clear what, if any, "new evidence" petitioner wishes to proffer in support of his petition, and because the court requires more information to determine whether and for how long to toll the statute of limitations in this case, the court will offer petitioner an opportunity to submit an amended petition. In his amended petition, petitioner should set forth reasons why the AEDPA statute of limitations should not bar the instant petition. Petitioner should submit the dates he filed his post-conviction motions, when they were decided, and any additional grounds for statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). If he believes that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) apply to this case or should he have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his amended petition and shall append to his amended petition documentary evidence, if available, supporting his factual allegations.[2] To the extent petitioner seeks to use new evidence to support his petition, he must describe that evidence, explain why it supports his petition, and set forth (1) when he discovered this new evidence, and (2) the reasons why he was

---

[2] Petitioner may have intended to attach exhibits to his petition, but no exhibits were filed. (See Pet. at 2 (citing "Exhibit A & B").) If petitioner files an amended petition, he should ensure that any exhibits he wishes the court to consider are attached to the petition.

only able to discover this new evidence in the year prior to filing his petition.  *See* 28 U.S.C. 2254(d)(1)(D).[3]

No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order and submitted an amended petition.  If petitioner fails to comply with this Order by May 9, 2018, the instant petition may be dismissed as time-barred.  The Clerk of Court is respectfully directed to serve a copy of this order on *pro se* petitioner and to note service on the docket.

**SO ORDERED**.

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge

Dated:      April 9, 2018
            Brooklyn, New York

---

[3]Although "credible and compelling claims of actual innocence may be considered even through an otherwise untimely petition," *United States v. Clark*, 571 F. App'x 67, 68 (2d Cir. 2014) (citing *McQuiggin v. Perkins,* 598 U.S. 383 (2013)), petitioner "does not assert facts, which, if true, would even suggest that he is actually innocent of the charged offense." *Id.* (affirming district court's judgment denying *pro se* plaintiff's motion to vacate conviction pursuant to Federal Rule of Civil Procedure 60, and noting that had the motion been construed instead as a petition filed pursuant to Title 28 United States Code Section 2255, it would nonetheless have been untimely).